| | |
|---|---|
| ISHAAQ (A/K/A ALONZO STEWART), | ) |
| | ) Appeal No. |
| Petitioner-Appellant, | ) 01A01-9902-CH-00108 |
| | ) |
| v. | ) |
| | ) Davidson Chancery |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTION, | ) |
| | ) |
| Respondent-Appellee, | ) |

FILED

**October 15, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE CAROL McCOY, CHANCELLOR


ISHAAQ (Fsn. Alonzo Stewart)
#98868, RMSI., U3-D-207
7475 Cockrill bend Ind. Road
Nashville, Tennessee  37209-1010
        pro se

PAUL G. SUMMERS, Attorney General and Reporter,
MICHAEL E. MOORE, Solicitor General, and
MICHAEL L. HAYNIE, Assistant Attorney General
Civil Rights and Claims Division
425 Fifth Avenue North
Second Floor, Cordell Hull Building
Nashville, Tennessee 37243-0488
        Attorney for Respondent-Appellee




AFFIRMED AND REMANDED




HERSCHEL P. FRANKS, JUDGE



CONCUR:
SUSANO, J.
SWINEY, J.

<u>M E M O R A N D U M   O P I N I O N</u>[1]


In this action an inmate petitioned "for declaratory judgment/judicial review" and alleged "that 'in-house' policies fall short" of official policies required by law, i.e., he was deprived of having proper food handlers and was deprived of all the meals he was entitled. Also, a grievance "that he filed" had been lost.

The Trial Judge *sua sponte* dismissed the action and said:

> Petitioner appears to allege that he is deprived of his rights to have "free world food service staff members" to handle his food and/or supervise inmates who handle his food. Petitioner also alleges that he is illegally being deprived of meals that he is entitled to receive. Petitioner does not cite any legal basis for these claims. Accordingly, this petition is dismissed for failure to state a claim, pursuant to T.C.A. §41-21-804.[2]

Upon consideration of the record and the briefs in this cause, we conclude that the judgment of the Trial Court should be affirmed, and we affirm in accordance with Rule 10 of this Court, with cost of the appeal assessed to appellant.


_____

---

[1]The Court of Appeals' Rules provide:

**RULE 10. AFFIRMANCE WITHOUT OPINION**

(b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.


[2]**41-21-804. Dismissal of claim - Grounds - Factors for determination - Poverty hearings. -** (a) A court may dismiss a claim filed by an inmate, either before or after service of process on the defendant, if the court finds that:
　　(1) The allegation of poverty in the inmate's affidavit is false; or
　　(2) The claim is frivolous or malicious.
　　(b) In determining whether a claim is frivolous or malicious under subsection (a), the court may consider whether or not:
　　(1) The claim has a chance of success;
　　(2) The claim has a basis in law and in fact; and
　　(3) The claim is substantially similar to a previous claim filed by the inmate in that the present claim arises from the same operative facts.
　　© The court may hold a hearing to determine whether the allegation of poverty filed with the claim is false or whether the claim is frivolous or malicious. This hearing may be held before or after service of process on the defendant, and may be held on motion of the court, a party to the claim, or by any officer of the court.
　　(d) On the filing of a motion described under subsection (c), the court shall suspend all discovery relating to the claim pending the outcome of the hearing.

Herschel P. Franks, J.

CONCUR:

_____
Charles D. Susano, Jr., J.

_____
D. Michael Swiney, J.